THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
KEITH M. STAUB
Assistant United States Attorney
California Bar Number:   137909
    Room 7516 Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-7423
    Facsimile: (213) 894-7819
    email: Keith.Staub@usdoj.gov



FILED
CLERK, U.S. DISTRICT COURT

NOV 28 2007

CENTRAL DISTRICT OF CALIFORNIA
BY_____DEPUTY

Attorney for Defendant United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FRANK E. MERRITT | ) No. CV 06-1135 PSG (OPx) |
| Plaintiffs, | ) **STIPULATION FOR COMPROMISE** |
| v. | ) **SETTLEMENT AND RELEASE OF** |
|  | ) **FEDERAL TORT CLAIMS ACT CLAIMS** |
| UNITED STATES OF AMERICA | ) **PURSUANT TO 28 U.S.C. § 2677;** |
| Defendant. | ) **(PROPOSED) ORDER** |
|  | ) |
|  | ) HON. PHILIP S. GUTIERREZ |
|  | ) |

It is hereby stipulated by and between the undersigned plaintiff (meaning any person, other than the defendant and the structured settlement broker, signing this agreement, whether or not a party to this civil action), plaintiff, FRANK E. MERRITT, and the United States of America, by and through their respective attorneys, as follows:

1.    The parties do hereby agree to settle and compromise each and every claim of any kind, whether know or unknown, arising directly or indirectly from the acts or omission that gave rise to the above-captioned action under the terms and

1  conditions set forth in this Settlement Agreement.

2       2.    This Stipulation for Compromise Settlement is not, is

3  in no way intended to be, and should not be construed as, an

4  admission of liability or fault on the part of the United States,

5  its agents, servants, or employees, and it is specifically denied

6  that they are liable to Plaintiff.   This settlement is entered

7  into by all parties for the purpose of compromising disputed

8  claims under the Federal Tort Claims Act and avoiding the

9  expenses and risks of future litigation.

10      3.    The United States of America agrees to pay Plaintiff

11 the cash sum set forth below in paragraph 3 (A)(1) to purchase

12 the annuity contract described below in paragraph 3 (A)(2).

13      A.    As soon as it is practicable after the execution

14 of this Stipulation for Compromise Settlement the United States

15 will pay by wire transfer to EPS Settlements Group Settlement

16 Trust Account (at UMB Banks, 1670 Broadway, Denver, Colorado

17 80202, ABA #107001067, Account No. 697116575), the sum of Two

18 Hundred Thousand and 00/100 Dollars ($200,000.00) (hereinafter

19 "settlement amount"), out of which the following disbursements

20 will be made by EPS Settlements Group from said trust account:

21      1.    To plaintiff Frank Merritt, and Jeffrey

22 Milman and Jeanne Anne Steffin, attorneys for plaintiff, the sum

23 of Eighty Two Thousand Three Hundred Thirteen Dollars and Twenty

24 Nine Cents ($82,313.29);

25      2.    To a life insurance company rated at least A+

26 by A. M. Best rating service, the sum of One Hundred Seventeen

27 Thousand Six Hundred Eighty Six Dollars and Seventy One Cents

28 ($117,686.71) to purchase the annuity contract described in

                                    2

1  paragraph 3 (B) below.

2       The parties agree that any attorney's fees owed by Plaintiff
3  shall not exceed 25% of the settlement amount (28 U. S. C. §
4  2678) and must be paid out of the cash sum set forth in paragraph
5  3 (A) (1) and not in addition thereto.  Plaintiff's attorney
6  agrees to distribute to Plaintiff his portion of the cash sum set
7  forth above in paragraph 3 (A) (1).

8       The parties agree that the settlement amount of Two Hundred
9  Thousand and 00/100 Dollars ($200,000.00) represents the entire
10 amount of the compromise settlement and that the respective
11 parties will each bear their own costs, fees, and expenses.

12       B.   The United States will purchase an annuity
13 contract to make the following payments:

14  **Payee:  Frank Merritt          DOB:  04/14/1942**

15       $1,725.03 per month for the life of Frank Merritt beginning
16 30 days from funding of the annuity.

17       All sums set forth herein constitute damages on account of
18 personal injuries or sickness, within the meaning of §104(a) (2)
19 of the Internal Revenue Code of 1986, as amended.

20       It is understood and agreed by the parties that the purchase
21 price of the annuity may vary according to the price charged for
22 said annuity contract on the date of purchase.  The parties agree
23 that the total cost to the United States of all payments required
24 under this Stipulation for Compromise Settlement shall not exceed
25 Two Hundred Thousand and 00/100 Dollars ($200,000.00).  In the
26 event the annuity purchase price has changed by the time of
27 funding, the annuity payments will be adjusted either upward or
28 downward so that the total purchase price of the annuity contract

1 shall be neither more than nor less than One Hundred Seventeen

2 Thousand Six Hundred Eighty Six Dollars and Seventy One Cents

3 ($117,686.71).

4      The annuity contract will be owned solely and exclusively by

5 the United States and will be purchased as soon as practicable

6 following the execution of this Stipulation for Compromise

7 Settlement and Release.  The parties stipulate and agree that the

8 United States' only obligation to said annuity contract and any

9 annuity payments therefrom is to purchase the annuity contract,

10 and they further agree that the United States does not guarantee

11 or insure any of the annuity payments.  The parties further

12 stipulate and agree that the United States is released from any

13 and all obligations with respect to the annuity contract and

14 annuity payments upon the purchase of the annuity contract.

15      The parties stipulate and agree that the annuity company

16 that issued the annuity contract shall at all times have the sole

17 obligation for making all annuity payments.  The obligation of

18 the annuity company to make each annuity payment shall be

19 discharged upon the mailing of a valid check in the amount of

20 such payment to the address designated by the party to whom the

21 payment is required to be made under this Stipulation for

22 Compromise Settlement and Release.  Checks lost or delayed

23 through no fault of the annuity company shall be promptly

24 replaced by the annuity company, but the annuity company is not

25 liable for interest during the interim.

26      The parties stipulate and agree that the annuity payments

27 cannot be accelerated, deferred, increased, or decreased by the

28 parties, that no part of any annuity payments called for herein

4

or any assets of the United States or the annuity company are
subject to execution or any legal process for any obligation in
any manner, and that the claimant shall not have the power to
sell, mortgage, encumber, or anticipate said annuity payments, or
any part thereof, by assignment or otherwise.

The Plaintiff, his guardians, heirs, executors,
administrators or assigns do hereby agree to maintain with the
annuity company a current mailing address, and to notify the
annuity company of the death of any beneficiary of said annuity
contract within ten (10) days of death.

4.    Plaintiffs and Plaintiff's heirs, executors,
administrators or assigns do hereby accept the cash sums set
forth above in paragraph (3)(A) and the purchase of the annuity
contract set forth above in paragraph (3)(B), in full release,
settlement, and satisfaction of any and all claims, demand,
rights, and causes of action of whatsoever kind and nature,
arising from, and by reason of, any and all known and unknown,
foreseen and unforeseen, bodily and personal injuries, death, or
damage to property, and the consequences thereof, which the
claimants or claimants' heirs, executors, administrators, or
assigns may have or hereafter acquire against the United States,
its agents, servants and employees on account of the same subject
matter that gave rise to the above captioned action, including
any future claims for wrongful death and any claims for fees,
costs and expenses; and do hereby agree to reimburse, indemnify
and hold harmless the United States and its agent, servants, and
employees from any and all such claims, causes of action, liens,
rights, or subrogated or contribution interests incident to,

ase 5:06-cv-01135-PSG-OP   Document 19   Filed 11/28/07   Page 6 of 14   Page ID #:35

resulting or arising from the acts or omissions that gave rise to
the above captioned action, including claims or causes of action
for wrongful death.

    5.   Plaintiff specifically agrees, as additional
consideration for this Stipulation for Compromise Settlement, to
waive the provisions of Section 1542 of the Civil Code of the
State of California, and Plaintiffs understand that said section
provides:

        A general release does not extend to claims which
        the creditor does not know or suspect to exist in his
        favor at the time of executing the release, which, if
        known by him must have materially affected his
        settlement with the debtor.
Therefore, and notwithstanding anything to the contrary herein,
Plaintiff explicitly releases any and all claims against the
United States of America, its agents, servants, and employees
which Plaintiff does not know or suspect to exist in favor of
Plaintiff at the time Plaintiff and his attorneys execute this
Stipulation for Compromise Settlement, and which would have
materially affected this settlement if such claim or claims had
been known.

    6.   This compromise settlement is specifically subject to
each of the following conditions:

    a.   An agreement by the parties on the terms,
conditions, and requirements of this Stipulation for Compromise
Settlement and the annuity contract.  The parties stipulate and
agree that the Stipulation for Compromise Settlement and the
compromise settlement and null and void in the event the parties

6

1  cannot agree on the terms, conditions and requirements of this
2  Stipulation for Compromise Settlement and the annuity contract.
3  The terms, conditions and requirements of this Stipulation for
4  Compromise Settlement are not severable and the failure to agree,
5  fulfill or comply with any term, condition, or requirement
6  renders the entire Stipulation for Compromise Settlement and the
7  compromise settlement null and void.  The authorization by the
8  Attorney General or the Attorney General's designee to negotiate
9  and consummate a settlement for the amount agreed upon by the
10  parties does not make the settlement binding upon the United
11  States unless and until the other terms, condition and
12  requirements of this Stipulation for Compromise Settlement have
13  been completely agreed upon in writing.

14       b.   Each beneficiary of the annuity contract set forth
15  in paragraph 3 (A)(2) must be alive at the time of the purchase
16  of said annuity contract.  In the event of the death of any
17  beneficiary prior to the purchase of said annuity contract, the
18  entire Stipulation for Compromise Settlement and the compromise
19  settlement are null and void.

20       7.   Plaintiff's attorney agrees to distribute the
21  settlement proceeds to the plaintiff.  In exchange for payment of
22  the sum stated above, and contemporaneously with the payments set
23  forth above, Plaintiff will dismiss this action, with prejudice
24  and with each party bearing its own fees, costs, and expenses.

25       8.   The parties agree that this Stipulation for Compromise
26  Settlement, including all the terms and conditions of this
27  compromise settlement and any additional agreements relating
28  thereto, may be made public in their entirety, and Plaintiff

7

1  expressly consents to such release and disclosure pursuant to 5

2  U. S. C. § 552a (b).

3       9.   It is contemplated that this Stipulation for Compromise

4  Settlement may be executed in several counterparts, with a

5  separate signature page for each party.  All such counterparts

6  and signature pages, together, shall be deemed to be one

7  document.

8       10.  Plaintiff agrees that Plaintiff is obligated to pay any

9  and all liens from any and all insurance companies and any all

10 persons or organizations who have or claim to have subrogated

11 assigned claims arising out of or related to the subject matter

12 of this suit.

13      11.  This written agreement contains all of the agreements

14 between the parties and is intended to be and is the final and

15 sole agreement between the parties.  The parties agree that any

16 other prior or contemporaneous representations or understandings

17 not explicitly contained in this written agreement, whether

18 written or oral, are of no further legal or equitable force or

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1  effect.  Any subsequent modification to this agreement must be in

2  writing, and must be signed and executed by the parties.

3

4  Executed this _____ day of _____, 2007.

5

6  _____(see attached)_____
   JEFFREY MILMAN

7  *Attorney for plaintiff*

8  Executed this _____ day of _____, 2007.

9

10 _____(see attached)_____
   JEANNE ANNE STEFFIN

11 *Attorney for plaintiff*

12 Executed this **26** day of **Nov.** , 2007.

13 THOMAS P. O'BRIEN
   United States Attorney

14 LEON W. WEIDMAN
   Assistant United States Attorney

15 Chief, Civil Division

16

17 _____
   KEITH STAUB

18 Assistant United States Attorney

   *Attorneys for United States of America*

19

20 Executed this _____ day of _____, 2007.

21

22 _____(see attached)_____
   LEN BLONDER

23 Structured Settlement Broker

24

                    **ORDER**

25     THIS STIPULATION IS ACCEPTED.

26 DATED: **11/28/07**

27

28 _____
   HON. PHILIP S. GUTIERREZ
   United States District Judge

                    9

1   effect.   Any subsequent modification to this agreement must be in

2   writing, and must be signed and executed by the parties.

3

4   Executed this ___ day of _____, 2007.

5

6                                        _____
                                         JEFFREY MILMAN
7                                        *Attorney for plaintiff*

8   Executed this ____ day of _____, 2007.

9

10                                       _____
                                         JEANNE ANNE STEFFIN
11                                       *Attorney for plaintiff*

12  Executed this ____ day of _____, 2007.

13                                       THOMAS P. O'BRIEN
                                         United States Attorney
14                                       LEON W. WEIDMAN
                                         Assistant United States Attorney
15                                       Chief, Civil Division

16

17                                       _____
                                         KEITH STAUB
18                                       Assistant United States Attorney

19                                       *Attorneys for United States of America*

20  Executed this ____ day of _____, 2007.

21

22                                       _____
                                         LEN BLONDER
23                                       Structured Settlement Broker

24

25                  **ORDER**                    ATTACHMENT

          THIS STIPULATION IS ACCEPTED.
26

27  DATED: _____

28                                       _____
                                         HON. PHILIP S. GUTIERREZ
                                         United States District Judge

                                9
                               10

1  effect.   Any subsequent modification to this agreement must be in
2  writing, and must be signed and executed by the parties.
3
4  Executed this ____ day of _____, 2007.
5
6                              _____
                               JEFFREY MILMAN
7                              Attorney for plaintiff
8  Executed this 19TL day of November 2007.
9
10                             _____
                               JEANNE ANNE STEFFIN
11                             Attorney for plaintiff
12 Executed this ____ day of _____, 2007.
13                             THOMAS P. O'BRIEN
                               United States Attorney
14                             LEON W. WEIDMAN
                               Assistant United States Attorney
15                             Chief, Civil Division
16
17                             _____
                               KEITH STAUB
18                             Assistant United States Attorney

19                             Attorneys for United States of America
20 Executed this ____ day of _____, 2007.
21
22                             _____
                               LEN BLONDER
23                             Structured Settlement Broker
24
                                     ORDER
25         THIS STIPULATION IS ACCEPTED.             **ATTACHMENT**
26 DATED: _____
27                             _____
                               HON. PHILIP S. GUTIERREZ
28                             United States District Judge

                                       9

                                      //

1 | effect.  Any subsequent modification to this agreement must be in
2 | writing, and must be signed and executed by the parties.
3 |
4 | Executed this ____ day of _____, 2007.
5 |
6 |                               _____
                                  JEFFREY MILMAN
                                  *Attorney for plaintiff*
7 |
8 | Executed this ____ day of _____, 2007.
9 |
10 |                              _____
                                  JEANNE ANNE STEFFIN
                                  *Attorney for plaintiff*
11 |
12 | Executed this ____ day of _____, 2007.
13 |                              THOMAS P. O'BRIEN
                                  United States Attorney
14 |                             LEON W. WEIDMAN
                                  Assistant United States Attorney
15 |                             Chief, Civil Division
16 |
17 |                              _____
                                  KEITH STAUB
                                  Assistant United States Attorney
18 |                             *Attorneys for United States of America*
19 |
20 | Executed this 26th day of November, 2007.
21 |                              _Leonard A Blonder_
22 |                              LEN BLONDER
                                  Structured Settlement Broker
23 |
24 |
25 |                                   ORDER                    **ATTACHMENT**
26 |            THIS STIPULATION IS ACCEPTED.
27 | DATED: _____      _____
                                  HON. PHILIP S. GUTIERREZ
28 |                              United States District Judge

9
12

## PROOF OF SERVICE BY MAILING

I am over the age of 18 and not a party to the within action. I am employed by the Office of United States Attorney, Central District of California.  My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On November 27, 2007, I served **Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677; [Proposed] Order** on each person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices.  I am readily familiar with the practice of this office for collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of mailing: November 27, 2007.  Place of mailing: Los Angeles, California.

Person(s) and/or Entity(s) to Whom mailed:

SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: November 27, 2007 at Los Angeles, California.

ZENAIDA A. ROSACIA

1                            SERVICE LIST

2

3      Jeffrey A. Milman
       Lopez, Hodes, Restaino, Milman & Skikos
4      9210 Irvine Center Drive
       Irvine, CA 92618
5      (949) 640-8222       (949) 640-8294 fax

6

7      Jeanne Anne Steffin
       626 North Garfield Avenue
8      Suite A
       Alhambra, CA 91801-1448
9      (626) 235-1173       (888) 536-7833 fax

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28